## CITY OF HOUSTON et al. v. CITY OF MAGNOLIA PARK et al. (No. 8778.) *

(Court of Civil Appeals of Texas. Galveston. Dec. 3, 1925. Rehearing Denied Dec. 23, 1925.)

1. **Municipal corporations** &#9758;29(1)—**Legislative act for annexation of other municipality held void, as depriving municipality of right to adopt and amend charter.**

Act of Legislature under which city of Houston attempted to extend its boundaries, so as to include municipality of Magnolia Park, *held* void, being in contravention of Const. art. 11, § 5, giving to cities of more than 5,000 population right of adopting and amending their own charters.

2. **Municipal corporations** &#9758;34 — **Annexation election held void, where notice of intention to pass ordinance submitting question was insufficient.**

Where city of Houston wished to extend its boundaries, and notice of intention of board of commissioners to pass ordinance submitting proposed amendment of charter to vote of electors, required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1096b, was insufficient, election was void, for sufficiency of such notice was jurisdictional, and board was therefore without authority to call election.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by the City of Magnolia Park and others against the City of Houston and others. From an order granting a temporary injunction to plaintiffs, defendants appeal. Affirmed

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 3, 1926.

Sewall Myer and J. H. Painter, both of Houston, for appellants.

F. A. Collins, York & Neeld, and King & Battaile, all of Houston, for appellees.

PLEASANTS, C. J.   This appeal is from an order of the district court of Harris county, granting a temporary injunction in a suit brought by appellees against appellants.

The suit is brought in the name of the city of Magnolia Park, a municipal corporation organized as such under the general laws of this state providing for the incorporation of cities and towns, and was brought by four of the five members of the board of aldermen of said city, who sue both in their official capacity and as individuals.   The city of Houston and the mayor and commissioners of said city are the defendants in the suit. The purpose of the suit is to enjoin the defendants from extending the boundaries of said city, so as to include the city of Magnolia Park, under authority claimed by the defendants as the result of an election held on April 13, 1925, under an ordinance of the board of commissioners of said city, to determine whether the charter of the city should be amended by extending the boundaries of the city, so as to include the city of Magnolia Park and other adjacent territory.

The specific relief sought was an injunction in substance restraining the appellants from extending the boundaries of the city of Houston, as provided in said amendment, so as to include the city of Magnolia Park, and from assuming control and authority, and exercising jurisdiction and dominion as a municipal corporation, over the territory comprising the city of Magnolia Park, and from taking possession of the public records of the city of Magnolia Park, and ousting from office or otherwise interfering with and molesting the duly elected, qualified, and acting officers of the city of Magnolia Park in the exercise of their official duties, and from taking possession of and converting to its own use the property, both real, personal and mixed, owned and possessed by the city of Magnolia Park.

The grounds upon which the right to the injunction is claimed are that the 20 days' notice of the intention of the board of commissioners to pass the ordinance submitting the proposed amendment of the city charter to a vote of the electors of the city was not given as required by article 1096b of the statutes of this state (Vernon's Sayles' Civil Statutes), and therefore said ordinance and the election held thereunder are void, and that the act of the Legislature upon which right of the city of Houston by a vote of the electors of that city to extend its boundaries, so as to include the municipality of Magnolia Park, depends is unconstitutional and void for the following reasons:

The constitutionality of the act of the Legislature, before cited, under authority of which the city of Houston claimed a right to extend its boundaries so as to include the city of Magnolia Park, is, among other grounds, upon the ground that by "section 5 of article 11 of the Constitution, known as the 'Home Rule Amendment,' cities of more that 5,000 population are given the constitutional right of adopting and amending their own charters, with such limitations as the Legislature may prescribe, and Magnolia Park, having a population of more than 5,000 at the time of the attempted amendment of the charter of Houston, extending its boundaries so as to include said Magnolia Park, the act of the Legislature aforesaid is unconstitutional in its application, in that it would authorize the city of Houston to deny and deprive the city of Magnolia Park its constitutional right, under section 5, article 11, of the Constitution, to adopt and amend its own charter.

The defendants answered by plea in abatement and numerous exceptions, the nature of which are not material in the determination of this appeal.   They also denied generally each and all of the allegations of plaintiffs' petition.   The hearing in the court below was upon the sworn pleadings, and affidavits offered by the plaintiffs.

The notice of the intention of the board of commissioners to pass the ordinance calling the election was first published on February 20, 1925, and the ordinance was passed on March 11, 1925.   Due notice of the election, which was held on April 13, 1925, was given as required by the statute, and the election resulted in a large majority in favor of the proposed amendment to the city charter.   *  *  *   It was shown that the city of Magnolia Park, which had less than 5,000 inhabitants at the last United States census, now has a population exceeding 10,000.   The city of Magnolia Park has not adopted or amended its charter under the provisions of the Home Rule Amendment to our state Constitution and the Enabling Act passed thereunder by the Legislature.

[1] At a former term of this court, we certified to the Supreme Court, among others, the question as to whether the act of the Legislature before cited was void, because in contravention of section 5, article 11, of the Constitution of this state.

In response to the question presented in our certificate, the Supreme Court answered that the act was void upon the ground stated, and declined to answer, because unnecessary, the other questions presented by the certificate.   The answer of the Supreme Court, before stated, requires an affirmance of the judgment of the trial court, granting appellees the temporary injunction prayed for by them.

[2] It is unnecessary for this court to go further in this opinion than to cite the opinion of the Supreme Court and affirm the

judgment upon the ground stated. We are, however, constrained to say that we are further of the opinion that the notice of the intention of the board of city commissioners to pass an ordinance calling the election was insufficient, and, the sufficiency of such notice being jurisdictional, the board was without authority to call the election, and for that reason the election should be held void.

As above indicated, the judgment of the trial court is affirmed. ·

Affirmed.